DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile:  702.629.7925
E-mail:     djb@mgalaw.com

*Attorney for Plaintiff Cuiting Wei*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CUITING WEI, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MAGMA HOLDING INC., a domestic corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CUITING WEI ("Plaintiff"), by and through her attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against the above named defendant, MAGMA HOLDING INC. ("Magma" or "Defendant"); DOES I through X; and ROE CORPORATIONS I through X, inclusive, as follows:

**JURISDICTION, VENUE, AND LEGAL BASIS FOR THIS ACTION**

1.   This Court possesses jurisdiction over the matter under 28 U.S.C. § 1331 and 29 U.S.C. § 2617 because Plaintiff's claims arise under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2.   This Court also possesses jurisdiction over the matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

3.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because "a

1

1  substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. On or about February 14, 2023, Plaintiff filed a formal charge of discrimination with the Nevada Equal Rights Commission ("NERC"). This filing with NERC, which was concurrently dual-filed with the Equal Employment Opportunity Commission ("EEOC"), fulfilled Plaintiff's obligation to initiate an administrative claim before seeking review in this Court.

5. In her Charge of Discrimination, Plaintiff alleged facts demonstrating that she had been subjected to discrimination based on her sex (female).

6. On or about February 14, 2023, the EEOC issued Plaintiff a "Determination and Notice of Rights" letter stating that she would have within 90 days of the letter's receipt to file suit. *See* **Exhibit 1**, Determination and Notice of Rights.

7. Plaintiff has met all administrative prerequisites to bring this lawsuit and has timely filed this suit within 90 days of receiving the Determination and Notice of Rights.

**PARTIES**

8. Plaintiff CUITING WEI ("Plaintiff" or "Ms. Wei") is, and at all times pertinent hereto was, a resident of Clark County, Nevada. Plaintiff Wei is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

9. Defendant MAGMA HOLDING INC. ("Magma") is the corporate entity that issued paychecks to Plaintiff at all relevant times. At all times relevant to, MAGMA HOLDING INC. was a domestic corporation authorized to conduct business in Clark County, Nevada.

10. At all times relevant to, Plaintiff Wei worked at Magma's Nevada address located at 3010 E. Alexander Rd., Ste. 1002, North Las Vegas, Nevada, 89030.

11. Plaintiff is not familiar with the complex corporate interrelationships through which the named defendant MAGMA HOLDING INC. operates its business. Thus, the true names and capacities, whether individual, corporate, subsidiary, associate, partnership, joint venturers or otherwise, of these fictitious (additional) defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive. Their identities and names are unknown to Plaintiff at this time, who therefore sues these defendants by fictitious names.

2

12. These fictitious defendants, acting with or at the direction of the named Defendants, may also be responsible and therefore liable for the injurious conduct or illegal conduct which harmed Plaintiff. Plaintiff will seek leave of the Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further seek leave to join said Defendants in these proceedings.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

### PLAINTIFF WEI QUALIFIES FOR AND OBTAINS FMLA BENEFITS

13. On or around March 15, 2021, Plaintiff Wei was hired by Magma as the Human Resources Manager. Prior to this most recent hire, Plaintiff Wei had previously and successfully worked for Magma for many years.

14. Plaintiff's base starting salary was $67,600. This increased to $75,000 in 2022, as set forth in the Employment Agreement between Magma and Plaintiff Wei.

15. In late 2021, Plaintiff Wei became pregnant.

16. Plaintiff Wei followed all proper protocols for obtaining FMLA leave, and was certified to take FMLA leave for postpartum recovery from June 30, 2022 (estimated delivery date) to August 20, 2022.

17. Plaintiff Wei ended up delivering her baby on June 12, 2022, and took her FMLA leave on June 13, 2022 until August 20, 2022 (a Saturday), with a return-to-work date of August 22, 2022.

18. Magma was in full agreement with and approved of the dates set forth for Plaintiff Wei's FMLA leave.

19. During Plaintiff Wei's FMLA leave, she consistently received text messages from Magma HR Representative ("Mr. Cheung"), requesting her input and assistance on basic HR-related tasks, including PTO policies and payroll-related duties. Mr. Cheung told Plaintiff Wei that Magma CEO George Chang had assured him he could seek out her assistance on HR-related issues during her FMLA leave. Plaintiff Wei was not informed that she would have to work during her FMLA time off, but understood this to be a requirement based on Magma CEO Chang encouraging other Magma employees to seek out her assistance even though she was on leave.

20. Despite having to care for a demanding newborn, Plaintiff Wei provided prompt

1 responses to every text from Mr. Cheung during her FMLA leave. On August 3, 2022, Mr. Cheung
2 resigned from Magma.

### MAGMA DEMOTES PLAINTIFF WEI WHILE SHE IS OUT ON FMLA LEAVE

4      21. On July 26, 2022, Magma CEO George Chang called Plaintiff Wei and told her that he had hired a full-time Human Resources Manager (Shanna Caliva), and that she had already started on July 25, 2022. Magma CEO Chang informed Plaintiff Wei that she would have to report to Ms. Caliva once she returned to work, but that her pay would remain the same, and she would need to communicate with Ms. Caliva about her new job title and duties.

9      22. On August 16, 2022 (the week before Plaintiff Wei was set to return to work), Ms. Caliva, Magma CEO Chang, and Plaintiff Wei participated in a Zoom meeting from approximately 3:30 p.m. to 6:20 p.m. During this meeting, Magma CEO Chang stated that Plaintiff Wei's new position would be Human Resources Specialist, and that her compensation would be changed drastically, going from $75,000/ year as a salaried employee to $31.25 as an hourly employee.

14      23. During the August 16, 2022 Zoom meeting, Magma CEO Chang also relayed that the benefits that Magma had provided to Plaintiff Wei when she was hired would no longer be available when she returned and she would no longer be a manager for the company.

17      24. Magma drastically reduced Plaintiff Wei's paid time off (PTO) from 13 days per year to 5 days per year.

19      25. Magma also informed Plaintiff Wei that it would no longer be offering tuition reimbursement to her.

21      26. During the August 16, 2022 Zoom meeting, Magma CEO Chang also told Plaintiff Wei that she would have to figure out the job responsibilities for her new role.

23      27. During the August 16, 2022 Zoom meeting, Plaintiff Wei asked if she could just be able to return to work with the same pay and the same position. Magma CEO Chang rejected that, claiming for the first time ever that Plaintiff Wei's performance as the Human Resources Manager was unsatisfactory; that she could not meet the demands of working 10 hours per day, 50 hours per week in the office because of her childcare issues; and that he already hired Ms. Caliva, so the company could not have two Human Resources Managers.

28. During the August 16, 2022 Zoom meeting, Magma CEO Chang did not mention that any other employees within Magma were also having their positions drastically re-structured.

29. Magma CEO Chang's explanations to Plaintiff Wei as to why she would not be allowed to return to her same position with the same pay upon returning to work from her FMLA leave made no sense. Plaintiff Wei had not previously received feedback detailing the ways in which her work performance was allegedly dissatisfactory. Further, the role of Human Resources Manager had never before been a "50 hours per week" job. It was always 40 hours per week during the time that Plaintiff Wei occupied the position. Additionally, Plaintiff Wei did not ask Magma CEO Chang to hire Ms. Caliva during her temporary FMLA leave.

30. On August 17, 2022, Magma changed Plaintiff Wei's title to Senior Human Resources Specialist, and changed her compensation from $75,000 annually as an exempt employee to $31.25/hour as a non-exempt employee (which amounts to $65,000 annualized), claiming that the reason was "reorganization." In other words, Magma demoted Plaintiff Wei upon returning from her FMLA leave.

31. There was no widespread "reorganization" of roles for other Magma employees while Plaintiff Wei was out on FMLA leave.

32. On August 18, 2022, Plaintiff Wei emailed Magma CEO Chang and Ms. Caliva, asking for the official company reasoning behind the demotion. Plaintiff Wei also indicated that it is not appropriate for her to pick out her own job duties and job descriptions, and that Magma should provide that to her so that she understands the new expectations.

33. In response, Magma CEO Chang claimed that it was "critical" to bring in a new HR Manager with significantly more experience. Magma CEO Chang also claimed that Magma took issue Plaintiff Wei's "limitation" of working 8 hours/ day, which has always been the demands of the job for HR Manager. Magma CEO Chang then reiterated the terms for Plaintiff Wei's demotion.

34. Also in response, Magma CEO attached a list of duties for Plaintiff Wei in her new role as the HR Specialist. Plaintiff Wei noted that she was actually being assigned more duties in her role as an "HR Specialist" than she had when she was HR Manager.

35. Also in response, Magma CEO stated that "all three" of them (meaning himself, Ms.

Caliva, and Plaintiff Wei) agreed that $65,000/ year was above-market compensation for an HR Specialist.

36. On August 20, 2022, Plaintiff Wei responded that while she agreed that $31.25/ hour is the market range for an HR Specialist, with all of the duties that Magma is expecting Plaintiff to perform in her new role, she would be performing the tasks of an HR Manager, but earning the pay of an HR Specialist. In other words, Magma downgraded Plaintiff Wei's pay and her title, while making her do more work.

37. Also on August 20, 2022, Plaintiff Wei responded that she would work the role that was being assigned to her, but that she was doing so under protest, and solely because she needed a job and income to support her family.

38. As such, from August 22, 2022, up through her last day on February 3, 2023, Plaintiff Wei incurred damages by having to work in her demoted position at Magma.

39. On or around September 26, 2022, Magma issued Plaintiff a "written warning" for taking a few lunch breaks that went a few minutes beyond the 30-minute allotment. This write-up was retaliatory in nature as a result of Plaintiff taking FMLA leave, as proven by the fact that other similarly-situated Magma employees were not issued write-ups for the same conduct.

### MAGMA CONTINUES RETALIATING AGAINST PLAINTIFF WEI AFTER SHE REPORTS THE VIOLATION OF HER FMLA RIGHTS

40. Plaintiff Wei submitted FMLA violation charges with the US Department of Labor, which Magma was put on notice of on November 23, 2022. Almost immediately, Magma retaliated against Plaintiff Wei for filing her charges. Examples include: disabling Ms. Wei's work account; changing her job duties; prohibiting Plaintiff Wei (an HR specialist) from entering the HR Manager's office alone which contains employee files that she needed access to in order to do her job; removing Plaintiff Wei from the company email list that provides the Magma daily sales report (even though this information was crucial for Plaintiff Wei's recruitment duties); excluding Plaintiff Wei from the planning and execution of HR related events and projects that have to do with employee relations such as exit interviews; and issuing pretextual discipline for allegedly taking a lunch break that was a few minutes too short.

6

41. Plaintiff frequently put Magma on notice of the retaliation she was enduring, to no avail.

42. On November 28, 2022, Magma CEO Chang took issue with Plaintiff Wei taking a 21-minute lunch instead of a 30-minute lunch, and indicated that he would have to "take escalated disciplinary measures."

43. On November 29, 2022, Plaintiff Wei pointed out that she felt the lunch break discipline was retaliation, and she provided data showing that Magma was not disciplining its employees regarding lunch breaks in a consistent manner across the board. Indeed, there were numerous instances of many employees taking less than a 30-minute lunch, and those employees were not subjected to discipline. Plaintiff Wei asked that Magma apply its rules in a consistent manner and not retaliate against her.

44. On November 29, 2022, Magma disabled Plaintiff Wei's timekeeper and attendance administrative access, even though she needed this functions in order to perform her job.

45. On November 29, 2022, Plaintiff Wei emailed Magma CEO Chang with a list of ways in which she was prevented from performing her major job duties due to Magma locking her out of important systems.

46. On December 1, 2022, Plaintiff Wei emailed Magma CEO Chang, stating that because Magma disabled her access to crucial HR systems (including Zenefits), she was unable to review information that a new hire filled out on his Form I-9 with respect to his citizenship status, and therefore was unable to double check citizenship status of a new hire (which was one of her job duties).

47. Magma also put Plaintiff Wei in charge of distributing gift cards to employees for their birthdays/ work anniversaries, but the gift cards were stored in the HR Manager's office which was also the file room. Magma confiscated Plaintiff Wei's access to the file room, so she was unable to fulfill the gift card duties.

48. Magma CEO Chang also acted out against Plaintiff Wei, telling her "I don't trust you," and "Why can't you just find a job and move on?"

49. On January 20, 2023, Plaintiff Wei emailed Magma CEO Chang in an attempt to resolve the hostility and retaliation that she was enduring after taking her FMLA leave. Plaintiff Wei

7

1  again explained how Magma disabled Plaintiff Wei's access to numerous administrative databases
2  that she needed in order to perform her job functions.  She also explained how Magma prohibited
3  Plaintiff Wei from entering the filing room on her own, which prevented Plaintiff Wei from being
4  able to organize the files.  Plaintiff Wei also explained how she was being ostracized and excluded
5  from a holiday party ostensibly being put on by the HR department, even though Plaintiff Wei was
6  the only HR employee in the company.  Plaintiff also pointed out how many of the other Magma
7  employees noticed and specifically pointed out to her that management was targeting her and singling
8  her out.  Plaintiff also referenced the instances of the company setting different standards for her when
9  compared to the other employees.

10       50. Having received no response to her January 20, 2023 email to Magma CEO Chang,
11 Plaintiff Wei emailed him again on January 23, 2023, stating that she was "following up on this."

12       51. Magma CEO Chang failed to respond to Plaintiff's emails sent on January 20, 2023
13 and January 23, 2023 regarding the hostility and retaliation she was enduring.

14       52. On January 24, 2023, after with Magma CEO Chang ignoring her attempts to actually
15 resolve the adverse treatment she was enduring, Plaintiff Wei had no choice but to submit her notice
16 to Magma and pursue alternative employment, which she did via email to the company.

17       53. In her January 24, 2023 constructive discharge email, Plaintiff noted that she was
18 resigning because of the demotion and pay cut that she experienced while on FMLA leave, in
19 conjunction with the retaliatory actions that were taken against her and that escalated after she filed a
20 complaint with the Department of Labor.  As such, Plaintiff Wei was constructively discharged.

21       54. Plaintiff Wei believes she was wrongfully subjected to adverse treatment and
22 ultimately terminated in violation of her FMLA and Title VII rights.

23       55. Magma's discriminatory and retaliatory conduct against Plaintiff Wei was willful, as
24 Magma knew or showed reckless disregard for whether its conducted violated the FMLA.

25       56. As a result of Magma's discriminatory and retaliatory conduct, Plaintiff Wei has
26 incurred emotional distress, lost income and financial benefits, liquidated damages, and attorneys'
27 fees and costs.

28       57. Plaintiff Wei submitted a timely request for her personnel file following her

termination from Magma pursuant to Nevada law, but Magma refused to provide this to Plaintiff Wei, despite numerous requests.

## FIRST CLAIM FOR RELIEF

**Violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(1) – Unlawful Interference, Restraint, or Denial of Plaintiff's Exercise of FMLA Rights**

58.     Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

59.     Plaintiff Wei was employed by Magma for at least 12 months preceding her need for FMLA leave, and Plaintiff Wei had worked in excess of 1,250 hours in the 12 months preceding the need for leave.

60.     At all relevant times, there were at least 50 employees employed by Magma at or within 75 miles of the location that Plaintiff Wei worked at. As such, Magma qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

61.     As all relevant times, Plaintiff Wei qualified as an eligible employee with FMLA benefits (as defined in the FMLA, 29 U.S.C. § 2611(2), who was entitled to exercise those benefits in an appropriate fashion without interference from her employer, Magma.

62.     Plaintiff Wei also obtained and turned into Magma the proper FMLA paperwork for her leave following the birth of her child. As such, there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

63.     In June, July, and August 2022, Magma interfered with, restrained, and/or denied Plaintiff Wei's exercise of her rights under the FMLA by putting Plaintiff Wei in a position where she had to work during her FMLA time off, including but not limited to reviewing and answering text messages and phone calls from other Magma employees seeking help on HR-related tasks.

64.     Magma also demanded that Plaintiff Wei participate in various company meetings during her FMLA leave, during which Magma informed Plaintiff Wei that she would be demoted upon physically returning to work. This was an interference with Plaintiff Wei's FMLA rights.

65.     Magma's conduct prevented Plaintiff Wei from being able to attend work as normal and use her FMLA leave as normal, and therefore resulted in an unlawful interference, restraint, or

denial of Plaintiff Wei's FMLA rights.

66. Upon information and belief, based on Plaintiff Wei's continued attempts to have Magma just allow her to take her leave uninterrupted and return to work on her scheduled return date as normal with the same position and pay, Magma's conduct in refusing to accommodate Plaintiff Wei's medical condition and her FMLA leave was willful.

67. Magma's interference with Plaintiff Wei's FMLA rights directly resulted in monetary loss for Plaintiff Wei.

68. As a proximate cause of Magma's conduct, Plaintiff Wei has incurred, and is now incurring, emotional distress, lost income, and lost financial and medical benefits.

69. Upon information and belief, in violating the FMLA, Magma did not act in good faith, nor did it base its actions on reasonable grounds.

70. As a result of Magma's illegal conduct, Magma is liable for economic damages, liquidated damages, and equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B).

71. As a result of the Magma's illegal conduct, it has been necessary for Plaintiff Wei to retain the services of attorneys, and pursuant to 29 U.S.C. § 2617(a), she is entitled to recover reasonable costs and attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**Violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615(a)(2) – Unlawful Retaliation**

72. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

73. Plaintiff Wei engaged in a protected activity by taking FMLA leave for certain days in 2022.

74. Plaintiff Wei also engaged in protected activity by complaining to the Department of Labor about potential FMLA violations on or about September 2022, which Magma was put on notice of on or about November 23, 2022.

75. Magma penalized Plaintiff Wei for taking FMLA leave and/or complaining to the

10

1  Department of Labor about potential FMLA violations in the following ways: demoting her position
2  and her pay and refusing to allow her to return to the same or an equivalent position and with equal
3  pay upon the expiration of her FMLA leave; ordering Plaintiff to come up with her own position and
4  responsibilities for her demoted job; abruptly changing the job duties for Plaintiff's original position
5  and extending the hours needed in order to ensure that Plaintiff would not be able to go back to her
6  original position; vaguely claiming that Plaintiff's work was "dissatisfactory"; disabling Plaintiff
7  Wei's access to crucial databases which she needed in order to perform her job duties; changing her
8  job duties; locking her out of the file room; removing Plaintiff Wei from the company email list that
9  provides the Magma daily sales report (even though this information was crucial for Plaintiff Wei's
10 recruitment duties); excluding Plaintiff Wei from the planning and execution of HR related events and
11 projects that have to do with employee relations such as exit interviews; issuing a pretextual "write-
12 up" for allegedly taking a lunch break that was a few minutes too long; and making the conditions so
13 unbearable that Plaintiff had no choice but to leave the company (constructive discharge).

14     76. Plaintiff was punished and subjected to the above-referenced adverse treatment
15 because she took FMLA leave, and because he reported FMLA violations to the Department of Labor
16 (there is a causal connection between the protected activity and the adverse employment actions).

17     77. Plaintiff Wei was wrongfully terminated in violation of her FMLA rights.

18     78. As a result Magma's discriminatory and retaliatory conduct, Plaintiff Wei has incurred
19 emotional distress, lost income and financial benefits, liquidated damages, and attorneys' fees and
20 costs.

21     79. Plaintiff Wei's constructive termination from Magma ultimately served as retaliation
22 for Plaintiff Wei using her FMLA days in 2022.

23     80. Magma's retaliatory conduct constitutes actions that a reasonable employee would
24 have found materially adverse.

25     81. There exists a causal connection between Plaintiff Wei using FMLA leave in 2022 and
26 the adverse actions that Magma imposed upon Plaintiff Wei thereafter.

27     82. There exists a causal connection between Plaintiff Wei complaining to the Department
28 of Labor about FMLA violations in 2022 and the adverse actions that Magma imposed upon Plaintiff

Wei thereafter.

83. As a proximate cause of Magma's conduct, Plaintiff Wei has incurred, and is now incurring, emotional distress, lost income, and lost financial and medical benefits.

84. Upon information and belief, in violating the FMLA, Magma did not act in good faith, nor did it base its actions on reasonable grounds.

85. Upon information and belief, based on Plaintiff Wei's continued attempts to have Magma just allow her to take her leave uninterrupted and return to work on her scheduled return date as normal with the same position and pay, Magma's conduct in refusing to accommodate Plaintiff Wei's medical condition and her FMLA leave was willful.

86. As a result of Magma's illegal conduct, Magma is liable for economic damages, liquidated damages, and equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B).

87. As a result of Magma's illegal conduct, it has been necessary for Plaintiff Wei to retain the services of attorneys, and pursuant to 29 U.S.C. § 2617(a), she is entitled to recover reasonable costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF

**Violation of Title VII – 42 U.S.C § 2000e-2(a)(1) – Sex Discrimination and Violation of the Pregnancy Discrimination Act of 1978**

88. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

89. Plaintiff Wei was qualified for and satisfactorily performed her job at Magma as the Human Resources Manager.

90. Magma discriminated against Plaintiff Wei based on her sex, and because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, by refusing to accommodate her pregnancy and/or pregnancy-related conditions while accommodating other, non-pregnant workers who were similar in their ability or inability to work, and instead demoting her while she was on maternity leave after having her child and ultimately forcing her to leave the company.

91. Magma's purported reasons for refusing to accommodate Plaintiff Wei are a pretext for sex discrimination.

92. Magma's discriminatory conduct includes but is not limited to: putting Plaintiff Wei in a position where she had to work during her FMLA time off, including reviewing and answering text messages from other Magma employees seeking help on HR-related tasks; demanding that Plaintiff Wei participate in various company meetings during her FMLA leave, during which Magma informed Plaintiff Wei that she would be demoted upon physically returning to work; ordering Plaintiff to come up with her own position and responsibilities for her demoted job; abruptly changing the job duties for Plaintiff's original position and extending the hours needed in order to ensure that Plaintiff would not be able to go back to her original position; vaguely claiming that Plaintiff's work was "dissatisfactory"; disabling Plaintiff Wei's work account, changing her job duties; issuing a pretextual "write-up" for allegedly taking a lunch break that was a few minutes too long; and making the conditions so unbearable that Plaintiff had no choice but to leave the company (constructive discharge).

93. Magma discriminated against Plaintiff Wei based on her sex, and because of her pregnancy, by denying her the ability to return to the same Human Resources Manager position with the same pay upon the expiration of her maternity/ FMLA leave.

94. Magma subjected Wei to this adverse treatment because of her sex and because of her status as a pregnant female.

95. Magma's actions were taken with malice and/or with reckless indifference to Plaintiff Wei's federally-protected rights.

96. Magma deprived Plaintiff Wei from the enjoyment of all benefits, privileges, terms and conditions of the employment relationship by failing to rectify the discriminatory behavior that Plaintiff was subjected to at her place of employment.

97. As a result of Magma's actions, Plaintiff Wei has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

98. As a result of Magma's actions, it has been necessary for Plaintiff Wei to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### Violation of NRS 613.330 – Sex Discrimination

99. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

100. Magma discriminated against Plaintiff Wei by subjecting her to, among other discriminatory adverse actions, loss of compensation, demotion of her job and of her pay, and ultimately loss of her job when Magma refused to return Plaintiff to her original position and pay after she came back from her maternity leave.

101. This adverse treatment was sex-based, and other similarly situated male employees who were not pregnant were not exposed to the same discriminatory conduct.

102. As a result of Magma's actions, Plaintiff Wei has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

103. As a result of Magma's actions, it has been necessary for Plaintiff Wei to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### Violation of NRS 613.075(4)

104. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

105. Within 60 days of her termination, Plaintiff Wei requested her a copy of her entire employee record/personnel file from Magma pursuant to NRS 613.075(4).

106. Plaintiff Wei made repeated requests for her employee record/personnel file.

107. Magma attorney Seth Bayles represented that Magma would be producing Plaintiff Wei's employee record/personnel file.

108. However, at no point did Magma actually provide Plaintiff with a copy of her employee record/personnel file from Magma.

109. Upon information and belief, Magma's failure to provide Plaintiff Wei with her own FMLA paperwork (which should have been part of her personnel file) and other documents such as evaluations, was intentionally designed to interfere with Plaintiff Wei's ability to seek legal redress

for Magma's legal violations.

110. Actual harm to Plaintiff Wei has resulted from Magma's intentional violation of NRS 613.075, including the loss of her own personnel records.

111. As a direct and proximate result of the aforementioned actions and/or omissions of Magma, Plaintiff Wei has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action, and Plaintiff Wei is therefore entitled to reasonable attorney's fees and costs incurred in this action.

## DEMAND FOR JURY TRIAL

112. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff invokes her right to trial by jury in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wei prays for judgment against Defendants, and each of them, as follows:

1. For a judgment in favor of Plaintiff against Defendants, and each of them, on the complaint and all claims for relief asserted therein;

2. For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income, lost benefits, and other economic losses suffered by Plaintiff resulting from Defendants' conduct, as appropriate pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. § 2617(a)(1)(A)(ii);

3. For equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B);

4. For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation, and other losses incurred by Plaintiff as a result of Defendants' conduct;

5. For an award of prejudgment and post-judgment interest;

6. For an award of punitive damages;

7. For an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8. For an award of attorney's fees, expert witness fees, and costs and related expenses

1  incurred in this action, pursuant to § 29 U.S.C. § 2617(a)(3) and other corresponding federal law
2  including § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k); and
3     9.    For an award of such other relief the Court may deem just and proper.
4     DATED this 14th day of April, 2023.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

_/s/ Danielle J. Barraza_____
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorney for Plaintiff Cuiting Wei*

16